(152 App. Div. 717.)

### PEOPLE v. TRIPPI.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

THEATERS AND SHOWS (§ 9*)—MOVING PICTURE SHOWS—ADMISSION OF INFANTS—EVIDENCE.

    In a prosecution for violating Penal Law (Consol. Laws 1909, c. 40) § 484, by admitting children under 16 to moving picture shows, the evidence justifies conviction, where there was no suggestion that any inquiry was made as to the age of two boys, 9 and 11, although an inquiry was made as to a third boy, who stated he was 16.

    [Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 9; Dec. Dig. § 9.*]

Appeal from Court of Special Sessions of City of New York.

Santoro Trippi was convicted of admitting minors to a moving picture show contrary to statute, and he appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH. JJ.

Thomas O. Conti, of Brooklyn, for appellant.

James C. Cropsey, Dist. Atty., and Hersey Egginton, both of Brooklyn, and Harry G. Anderson, Asst. Dist. Atty., of New York City, for the People.

WOODWARD, J. The defendant was charged with a violation of section 484 of the Penal Law (Consol. Laws 1909, c. 40), in that he admitted certain children, unaccompanied by parents or guardians, to his moving picture show, contrary to the provisions of the statute.

There is no dispute about the facts. The defendant admitted three boys, each one of them under the age of 16 years, upon their purchasing tickets. There was some evidence that the defendant asked the older of the three boys, and the one who purchased the tickets, how old he was, and that the boy replied that he was 16; that he was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

16 "last week." But there is no pretext that there was anything said about the ages of his two companions, who were 9 and 11 years of age, respectively, and the boy who claimed to be 16 years of age was, in fact, only 14.

The statute forbids permitting children under 16 to frequent these places unless accompanied by a parent or guardian, and, if it should be assumed that it was an excuse for the violation of the statute that the child falsely declared his age, the case now before us does not come within the requirement, for there is no suggestion that any inquiry was made as to the two younger boys, and there is no suggestion that there was anything about their appearance to indicate that they were older than their ages as established by the evidence.

The judgment appealed from should be affirmed. All concur.